# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
(Northern Division)

|  |  |  |
|---|---|---|
| ANDREW BLIZZARD | : | |
| 3000 Falls Road, Unit 336 | : | |
| Baltimore, MD 21211 | : | |
| | : | |
| and | : | |
| | : | |
| NORA ROWLAND | : | |
| 3000 Falls Road, Unit 336 | : | |
| Baltimore, MD 21211, | : | |
| | : | |
| On Their Own Behalf and on Behalf | : | |
| of All Others Similarly Situated | : | |
| | : | |
| Plaintiffs, | : | |
| | : | Civil Action No. |
| v. | : | |
| | : | |
| HUNTER WARFIELD, INC. | : | |
| 7600 Wisconsin Ave. #700 | : | |
| Bethesda, MD 20814 | : | |
| Serve on: | : | |
| CSC-Lawyers Incorporating Service | : | |
| Company | : | |
| 7 St. Paul Street Suite 820 | : | |
| Baltimore, MD 21202 | : | |
| | : | |
| and | : | |
| | : | |
| THORNHILL PROPERTIES, INC. | : | |
| 6301 N. Charles Street | : | |
| Suite 2 | : | |
| Baltimore, MD 21212 | : | |
| s/o | : | |
| George L. Panos, Resident Agent | : | |
| 6301 N. Charles Street | : | |
| Suite 2 | : | |
| Baltimore, MD 21212 | : | |
| | : | |
| and | : | |
| | : | |
| MT. VERNON MILL LLC | : | |
| 1817 Thames Street | : | |

Baltimore, MD 21231             :
      s/o                          :
Terra Nova Ventures, LLC     :
1817 Thames Street          :
Baltimore, MD 21231             :
                               :
      Defendants.         :

## CLASS ACTION COMPLAINT
## AND DEMAND FOR JURY TRIAL

Named Plaintiffs Andrew Blizzard and Nora Rowland, on their own behalf and on behalf of three classes of similarly situated persons, by and through their attorneys Joseph S. Mack of the Law Offices of Joseph S. Mack and Ingmar Goldson of the Goldson Law Office, LLC, sue Defendants Hunter Warfield, Inc. ("Hunter Warfield"), Thornhill Properties, Inc. ("Thornhill"), and Mt. Vernon Mill LLC ("Mt. Vernon Mill"), and state as follows:

## INTRODUCTION

1. Under Maryland law, the rental of a residential dwelling without a license in a jurisdiction where a license is required to rent is a violation of the Maryland Consumer Protection Act (the "MCPA"), MD. CODE ANN., COMM. § 13-101 *et seq.*, and a landlord and its agents may not seek to collect rent for any period in which the property was unlicensed, even if the landlord subsequently obtains a license. *Assanah-Carroll v. L. Offs. of Edward J. Maher, P.C.*, 480 Md. 394, 442, 281 A.3d 72, 100 (2022).

2. This case involves a landlord who chose to disregard Maryland law by seeking to collect unpaid rent for unlicensed rental properties, and its debt collector and management company that aggressively pursued payments for rent that Defendants were prohibited from seeking to collect.

3. As a result, tenants were illegally coerced into paying rent that Defendants were prohibited from collecting.

4.      As set forth in this Complaint, Defendant Hunter Warfield's actions violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692-1692p, and Defendants Mt. Vernon Mill and Thornhill are liable to the classes under Maryland's Consumer Debt Collection Act ("MCDCA"), MD. CODE ANN., COMM. § 14-201 *et seq.* and the MCPA.

## PARTIES

5.      Defendant Hunter Warfield is a Maryland corporation with its principal place of business in Montgomery County, Maryland.  Defendant Hunter Warfield is engaged in the daily business of providing debt collection services for Maryland landlords, filing hundreds of landlord/tenant collection actions each year.

6.      Defendant Thornhill is a Maryland corporation with its principal place of business in Baltimore City.  Defendant Thornhill manages several large residential rental properties in Baltimore City.

7.      Defendant Mt. Vernon Mill is a Maryland limited liability company with its principal place of business in Baltimore City.  Defendant Mt. Vernon Mill owns Mill No. 1 ("the Property"), an 84-unit residential apartment complex that is located in Baltimore City, Maryland.

8.      Named Plaintiff Andrew Blizzard is a resident of Maryland, residing in the Property, and is a "consumer" as defined by the FDCPA.

9.      Named Plaintiff Nora Rowland is a resident of Maryland, residing in the Property, and is a "consumer" as defined by the FDCPA.

## JURISDICTION AND VENUE

10.      This court has subject matter jurisdiction over this action under 28 U.S.C. § 1331 (Federal Question) and 28 U.S.C. § 1367 (Supplemental Jurisdiction).

3

11. Venue is proper in this District because, under 28 U.S.C. § 1391(b), a substantial part of the events giving rise to claims herein occurred within this District and the Defendants systematically and continually transact business in this District.

FACTS

12. On August 1, 2018, Baltimore City Council Bill 18-0185 went into effect, which requires that all Baltimore City rental dwellings be licensed. In order to obtain a license, the rental property must be registered and must be inspected for compliance with the housing code. Art. 13, §§ 5-6, 5-7 of the Baltimore City Code. In order to protect renters from unsafe conditions and ensure that landlords comply with the licensing requirement, the Baltimore City Council included a clear consequence for unlicensed residential rental property: Under Article 13, § 5-4 of the Baltimore City Code, "no person may... Charge, accept, retain, or seek to collect any rental payment or other compensation for providing to another the occupancy of all or any part of any rental dwelling unless the person was licensed under this subtitle at both the time of offering to provide and the time of providing this occupancy."

13. The licensing status of any property in Baltimore City can be looked up on a publicly available website maintained by the Baltimore City Department of Housing and Community Development located at https://cels.baltimorehousing.org/reg/Reg_MFD_Search.aspx.

14. The Property, which is located in Baltimore City, is owned by Defendant Mt. Vernon Mill and managed on its behalf by its agent, Defendant Thornhill. The Property has never been licensed under Art. 13 of the Baltimore City Code. Despite that fact, Defendants Mt. Vernon Mill and Thornhill did not inform the tenants in the Property that the Property

had not been licensed as a rental property and that rent could not be collected. Indeed, Defendants Mt. Vernon Mill and Thornhill aggressively continued to pursue rent from tenants of the Property during this entire period that the Property has been unlicensed.

15. Named Plaintiffs rented 3000 Falls Road, Unit 336 Baltimore, MD 21211, a unit in the Property, from Defendants Mt. Vernon Mill and Thornhill starting on May 18, 2019.

16. The Property had, and continues to have, health and safety issues, particularly involving flooding and structural integrity issues.

17. On the first day of each month, Defendant Thornhill, on behalf of Defendant Mt. Vernon Mill, would send Named Plaintiffs an e-mail falsely stating that Named Plaintiffs owed rent, despite being prohibited from collecting or attempting to collect unpaid rent because the Property was unlicensed. The e-mail would direct Named Plaintiffs to make a payment through a resident portal created and maintained by Defendant Thornhill to collect rent.

18. Each month, Named Plaintiffs would typically log into the system, which would prominently, and falsely, provide an alleged balance, which they would generally pay.

19. From time to time, Named Plaintiffs would not timely make the total payment demanded by Defendant Thornhill, particularly as the Covid-19 pandemic disrupted their incomes. Defendant Thornhill, on behalf of Defendant Mt. Vernon Mill, would then engage in aggressive collection efforts regarding the alleged balance.

20. Defendant Thornhill's illegal collection efforts on behalf of Defendant Mt. Vernon Mill included falsely stating a balance through the web payment portal, sending e-

5

mails requesting payment, calling Named Plaintiffs, and providing Notices of Intent to File a Complaint for Summary Ejectment on no fewer than two occasions to Named Plaintiffs, all while the Property was unlicensed.

21.    Named Plaintiffs made several payments in response to those additional unlawful collection efforts by Defendants Thornhill and Mt. Vernon Mill.

22.    On June 8, 2023, Defendant Hunter Warfield filed a Failure to Pay Rent Action against Named Plaintiff, on behalf of Defendants Thornhill and Mt. Vernon Mill, seeking to collect alleged rental obligations incurred by Named Plaintiffs while the Property was unlicensed.  Case No. 2023014200211175 in the District Court of Maryland for Baltimore City (the "FTPR Action").

23.    In the Complaint in the FTPR Action, Defendant Hunter Warfiled correctly indicated that the landlord was required by law to be licensed to rent the premises, but falsely claimed that the landlord was currently licensed.

24.    Named Plaintiffs, who did not at the time know that the Property was unlicensed, paid several thousand dollars in response to the FTPR Action to avoid potential eviction, and Defendants voluntarily dismissed the FTPR Action after Named Plaintiffs made those payments.

25.    Defendants have not returned any of the rent collected from tenants attributable to the period that the Property was unlicensed, and continue to pursue any unpaid rent from tenants during that period.

## CLASS ACTION ALLEGATIONS

26.    Named Plaintiffs bring this action on behalf of three Classes as follows.  For each of Classes 1-3, the following definitions apply:

- **Unlicensed Property**: a residential rental property located in a Maryland jurisdiction where a rental license is required in order to rent such property but lacked such a rental license;

- **Unlicensed Period**: the period of time in which an Unlicensed Property lacked the required license; and

- **Unlicensed Rent**: rental obligations allegedly incurred during the Unlicensed Period by a resident in an Unlicensed Property.

### CLASS 1 – Defendant Hunter Warfield, Inc.

All tenants of any Unlicensed Property who were sued in a failure-to-pay rent case or otherwise had collection efforts directed towards them with respect to Unlicensed Rent by Defendant Hunter Warfield, Inc. within one year of the filing of this lawsuit.

### CLASS 2 – Defendant Thornhill Properties, Inc.

All tenants of any Unlicensed Property who, withing three years of the filing of this lawsuit:

a) made rental payments through a payment portal set up by Defendant Thornhill Properties, Inc. or its agents that provided purported rental balances during any Unlicensed Period, and/or

b) who did not timely make one or more rental payments for Unlicensed Rent and had other collection activities directed towards them by Defendant Thornhill Properties, Inc. or its agents regarding the Unlicensed Rent, including providing past due notices, telephone calls asserting an unpaid balance, notices of intent to file failure to pay rent actions, or the filing of failure to pay rent actions.

### CLASS 3 – Defendant Mt. Vernon Mill LLC

All tenants of any Unlicensed Property who, withing three years of the filing of this lawsuit:

a) made rental payments through a payment portal set up by Defendant Mt. Vernon Mill LLC or its agents that provided purported rental balances during any Unlicensed Period, and/or

b) who did not timely make one or more rental payments for Unlicensed Rent and had other collection activities directed towards them by Defendant Mt. Vernon Mill LLC or its agents regarding the Unlicensed Rent, including providing past due notices, telephone calls asserting an unpaid balance, notices of intent to file failure to pay rent actions, or the filing of failure to pay rent actions.

27. The Classes, as defined above, are identifiable based on records in the possession of Defendants. Named Plaintiffs are members of each of the Classes.

28. The Classes are so numerous that joinder of all members is impracticable. There are 84 units in the Property alone.

29. There are questions of law and fact which are not only common to each Class, but which also predominate over any questions affecting only individual class members. The common and predominating questions include, but are not limited to:

    a. Whether the Property, and other properties relevant to this litigation, lacked a valid rental license.

    b. Whether Defendants employed unfair and unconscionable means to collect an alleged debt by falsely claiming to residents that their rent was due.

    c. Whether Defendants engaged in debt collection efforts with regard to alleged rental obligations incurred by tenants during a time when a property was unlicensed.

    d. Whether the actions of Defendant Hunter Warfield constitute a violation of the FDCPA.

    e. Whether the Defendants claimed, attempted, or threatened to enforce a right with knowledge that the right does not exist in their dealings with Named Plaintiffs and Class Members.

8

f.  Whether Defendants Thornhill and Mt. Vernon Mill engaged in an unfair, abusive or deceptive practice under the MCPA in its dealings with Named Plaintiffs and Class Members.

g.  Whether a declaratory judgment is proper to prevent the Defendants from claiming that rent is still owed to them by the Class Members for the period of time where a property was unlicensed.

h.  Whether a declaratory judgment is proper to prevent the Defendants from applying payments made by Class Members after the period of time where a property was unlicensed to alleged rental obligations made during the time such property was unlicensed.

i.  Whether Named Plaintiffs and the Class Members may recover damages.

30.   The claims of Named Plaintiffs are typical of the claims of the respective members of the Classes within the meaning of Fed. R. Civ. P. 23(a)(3), and are based on and arise out of similar facts constituting Defendants' wrongful conduct.  In particular, as people who paid in response to collection efforts made by Defendants regarding rent obligations allegedly incurred during an unlicensed period and who were sued by Defendant Hunter Warfield for rental obligations incurred during the unlicensed period, Named Plaintiffs asserts claims for each Class that are typical for members of each Class. Named Plaintiffs will fairly and adequately represent and protect the interests of the Classes, and have no interests which are antagonistic to any member of the Classes.

31.   Named Plaintiffs are adequate representatives of the Classes within the meaning of Fed. R. Civ. P. 23(a)(4), and are prepared to represent the Classes. Furthermore,

9

Named Plaintiffs have secured counsel experienced in class actions, who foresee little difficulty in the management of this case as a class action.

32. Neither Named Plaintiffs nor Plaintiffs' counsel have any interests that might cause them not to vigorously pursue this claim.

33. The prosecution of separate actions by individual members of the Classes would create a risk of establishing incompatible standards of conduct for Defendants within the meaning of Fed. R. Civ. P. 23(b)(1)(A).

34. The Defendants' actions are generally applicable to the respective Classes as a whole, and Plaintiffs seek equitable remedies with respect to the Classes as a whole within the meaning of Fed. R. Civ. P. 23(b)(2).

35. Common questions of law and fact enumerated above predominate over questions affecting only individual members of the Classes and a class action is the superior method for fair and efficient adjudication of the controversy within the meaning of Fed. R. Civ. P. 23(b)(3).

36. The likelihood that individual members of the Classes will prosecute separate actions is remote due to the time and expense necessary to conduct such litigation.

<u>CAUSES OF ACTION</u>

<u>Count I – Defendant Hunter Warfield</u>
<u>Violation of the Fair Debt Collection Practices Act</u>
15 U.S.C. 1692f

37. Named Plaintiffs incorporate into this paragraph the foregoing paragraphs of the Complaint.

38.     In 1977, Congress enacted the FDCPA to address illegal and improper practices by debt collectors such as Defendant Hunter Warfield.   "It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e).

39.     Congress enacted the FDCPA because it determined that: "There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy."  15 U.S.C. §1692(a).

40.     To this end, the FDCPA forbids debt collectors from using "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f.

41.     The Act also makes it illegal for debt collectors to use "false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e.

42.     Any debt collector that violates the FDCPA is liable for actual damages, statutory damages, litigation costs and attorney's fees. 15 U.S.C. § 1692k.

43.     Defendant Hunter Warfield is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

44.     The attempt to collect unpaid rent incurred during the time that a rental property lacked a necessary license is unfair or unconscionable within the meaning of 15 U.S.C. 1692f.

45.    When attempting to collect rental obligations incurred while a property was unlicensed, Defendant Hunter Warfiled also made false representations of the character, amount, or legal status of any debt, in violation of 15 U.S.C. 1692e(2)(A).

WHEREFORE, Named Plaintiffs demand, on behalf of themselves and the proposed Class, that the Court:

A.    Award Named Plaintiffs and Class 1 actual damages as provided for in the FDCPA, 15 U.S.C. §1692k(a)(1), in an amount equal to all amounts paid by Named Plaintiffs or members of Class I after Defendant Hunter Warfield filed a failure-to-pay rent action or otherwise engaged in collection activity towards them with respect to rent attributable the period that the relevant property was unlicensed;

B.    Award Plaintiffs statutory damages as provided for in the FDCPA, 15 U.S.C. §192k(a)(2);

C.    Certify Class 1 as a Plaintiff Class action pursuant to Rule 23(b)(1), (2) and/or (3) of the *Federal Rules of Civil Procedure*;

D.    Award pre-judgment interest;

E.    Award Plaintiffs reasonable costs and attorney's fees; and

F.    Award Plaintiffs such other and further relief as the Court deems just and proper.

## Count II
### Maryland Declaratory Judgment Act – Defendants Thornhill and Mt. Vernon Mill
MD. CODE ANN., CTS. & JUD. PROC. § 3-409

46.    Named Plaintiffs incorporate into this paragraph the foregoing paragraphs of the Complaint.

47. An actual controversy exists between the members of Classes 2 and 3 (including Named Plaintiffs) and Defendants Thornhill and Mt. Vernon Mill.

48. Antagonistic claims are present between the Class (including Named Plaintiffs) and Defendants Thornhill and Mt. Vernon Mill which indicate imminent and inevitable litigation.

49. Named Plaintiffs and Classes 2 and 3 assert that Defendants Thornhill and Mt. Vernon Mill are not permitted to collect rent the period of time that a property that was required to be licensed was unlicensed, or apply rental payments made after a property obtained a license to alleged rental obligations for the unlicensed period.

50. A declaratory judgment that establishes that Named Plaintiffs and Classes 2 and 3 do not owe any rent for the period of time that a property requiring a license was unlicensed and that any payments made by them after a property obtained a license must first be applied to any rental obligations incurred after the property obtained a license will alleviate all uncertainty in this proceeding.

WHEREFORE, Named Plaintiffs demand, on behalf of themselves and the proposed Classes 2 and 3, that the Court:

A. Issue a declaratory judgment declaring that Defendants Thornhill and Mt. Vernon Mill must apply any rental payments made after a property obtains a license to the period after it obtained the license, and not to any unlicensed period.

B. Award Plaintiffs such other and further relief as the Court deems just and proper.

<u>Count III</u>
**Violation of the Maryland Consumer Debt Collection Act – Defendants Thornhill and Mt. Vernon Mill**
MD. CODE ANN., COMM. § 14-201, *et seq.*

51.    Named Plaintiffs incorporate into this paragraph the foregoing paragraphs of the Complaint.

52.    Under the MCDCA, "In collecting or attempting to collect an alleged debt a collector may not: Claim, attempt, or threaten to enforce a right with knowledge that the right does not exist." MD. CODE ANN., COMM. § 14-202(8).  Additionally, under MD. CODE ANN., COMM. § 14-202(11), a collector may not "[e]ngage in any conduct that violates §§ 804 through 812 of the federal Fair Debt Collection Practices Act."

53.    A collector who violates the MCDCA is liable for any damages proximately caused by the violation, including damages for emotional distress or mental anguish suffered with or without accompanying physical injury. MD. CODE ANN., COMM. § 14-203.

54.    Defendants Thornhill and Mt. Vernon Mill are debt "collectors" as defined in MD. CODE ANN., COMM. § 14-201(b).

55.    The alleged rent arises from "consumer transactions" as defined in MD. CODE ANN., COMM. § 14-201(c).

56.    As sophisticated owners and managers of large apartment buildings, Defendants Thornhill and Mt. Vernon Mill are aware that Maryland law prohibits a landlord from making collection efforts with regard to an unlicensed period in a jurisdiction where a rental license is required.

57.    Accordingly, by engaging in debt collection with regard to unpaid rent for the period of time where a property was unlicensed, Defendants Thornhill and Mt. Vernon Mill claimed and attempted to enforce a right with knowledge that it does not exist.   Further,

14

Section 808 of the FDCPA, 15 U.S.C. § 1692f, prohibits, among other things, the collection of any debt that is not permitted by law or contract, 15 U.S.C. § 1692f(1).

58.    Defendants Thornhill and Mt. Vernon Mill's collections activities include false statements of balances on the resident portals, late notices, filing of lawsuits against late tenants, seeking to enforce judgments from any such lawsuits, and applying rental payments made after a previously unlicensed property obtains a license first to alleged rental debt from the unlicensed period.

59.    Any payments made by Named Plaintiffs and members of Classes 2 and 3 after such collection efforts, applied to any alleged debt for unpaid rental obligation incurred during an unlicensed period, constitute actual damages and must be repaid to Plaintiffs by Defendants Thornhill and Mt. Vernon Mill pursuant to the MCDCA.

WHEREFORE, Named Plaintiffs demand, on behalf of themselves and the proposed Classes 2 and 3, that the Court:

A.    Award Named Plaintiffs and Classes 2 and 3 actual damages as provided for in MD. CODE ANN., COMMERCIAL LAW, § 14-203, in an amount equal to all amounts paid by Named Plaintiffs and the members of Classes 2 and 3 for rent, made after collection efforts were directed towards them by Defendants Thornhill and/or Mt. Vernon Mill regarding unpaid rent attributable to an unlicensed period for a property where a license was required;

B.    Certify this case as a Plaintiff Class action pursuant to Rule 23(b)(1), (2) and/or (3) of the *Federal Rules of Civil Procedure*;

C.    Award pre-judgment interest;

D.    Award Plaintiffs costs; and

15

E.     Award Plaintiffs such other and further relief as the Court deems just and proper.

**Count IV**
**Violation of the Maryland Consumer Protection Act – Defendants Thornhill and Mt. Vernon Mill**
MD. CODE ANN., COMM. §13-101 *et seq.*

60.     Named Plaintiffs incorporate into this paragraph the foregoing paragraphs of the Complaint.

61.     The MCPA, MD. CODE, COMM., §13-101 *et seq.*, was originally enacted in 1973 because the legislature found that existing laws were "inadequate, poorly coordinated and not widely known or adequately enforced," § 13–102(a)(2). The General Assembly enacted the CPA as a comprehensive consumer protection act to provide protection against unfair or deceptive practices in consumer transactions. § 13–102(b). The intention of the Legislature was to set "minimum statewide standards for the protection of consumers." § 13–102(b)(1); see § 13–103(a). To realize this end, the General Assembly sought to implement strong protective and preventive measures to assist the public in obtaining relief from unlawful consumer practices and to maintain the health and welfare of the citizens of the State. § 13–102(b)(3).

62.     To this end, the MCPA forbids "any unfair, abusive or deceptive trade practice" in "[t]he offer for sale, lease, rental, loan, or bailment of consumer goods, consumer realty, or consumer services" § 13-303 (2).

63.     "Unfair, abusive or deceptive trade practices include … False, falsely disparaging, or misleading oral or written statement, visual description, or other representation of any kind which has the capacity, tendency, or effect of deceiving or misleading consumers; [and] Failure to state a material fact if the failure deceives or tends

16

to deceive." MD. CODE, COMM. § 13-301 (1), (3). "Unfair, abusive or deceptive trade practices" also includes any violation of the MCDCA. § 13-301 (14)(iii).

64.     Accordingly, Defendants Thornhill and Mt. Vernon Mill are liable under the MCPA for any amount paid in response to illegal collection efforts.

WHEREFORE, Named Plaintiffs demand, on behalf of themselves and the proposed Classes 2 and 3, that the Court:

A.     Award Named Plaintiffs and Classes 2 and 3 actual damages as provided for in MD. CODE ANN., COMMERCIAL LAW, § 13-408, in in an amount equal to all amounts paid by Named Plaintiffs and the members of Classes 2 and 3 for rent, made after collection efforts were directed towards them by Defendants Thornhill and/or Mt. Vernon Mill regarding unpaid rent attributable to an unlicensed period for a property where a license was required;

B.     Certify this case as a Plaintiff Class action pursuant to Rule 23(b)(1), (2) and/or (3) of the *Federal Rules of Civil Procedure*;

C.     Award pre-judgment interest;

D.     Award Plaintiffs reasonable costs and attorney's fees; and

E.     Award Plaintiffs such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ Joseph Mack_____
Joseph Mack
(D. Md. Bar No. 29021)
The Law Offices of Joseph S. Mack
PO Box 65066
Baltimore, MD 21209
Tel.   (443) 423-0464

joseph@macklawonline.com


/s/ Ingmar Goldson
Ingmar Goldson
(D. Md. Bar No. 19024)
The Goldson Law Office
One Research Court, Suite 450
Rockville, MD  20850
Tel.     (240) 780-8829
 igoldson@goldsonlawoffice.com

*Attorneys for Named Plaintiffs*


## JURY DEMAND

Plaintiffs hereby demand a trial by jury on all legal claims and disputed facts asserted herein.

 /s/Joseph Mack
Joseph Mack