IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | |
|---|---|
| ANDREW BLIZZARD, *et al* | |
| Plaintiffs, | |
| v. | Case No.: 1:23-cv-03374-MJM |
| HUNTER WARFIELD, INC., *et al* | |
| Defendants. | |

### **ANSWER**

Defendants Hunter Warfield, Inc. ("Hunter Warfield"), Thornhill Properties, Inc. ("Thornhill Properties"), and Mt. Vernon Mill LLC (collectively referred herein as "Defendants"), by their undersigned counsel, hereby answer the allegations raised in the above-captioned Complaint, and state:

1.      Paragraph 1 states Plaintiffs' legal conclusions to which no response is necessary.

2.      Defendants deny the allegations of Paragraph 2.

3.      Defendants deny the allegations of Paragraph 3.

4.      Defendants deny the allegations of Paragraph 4.

5.      Defendants deny that Hunter Warfield files hundreds of landlord/tenant collection actions each year. Defendants admit the remaining allegations of Paragraph 5.

6.      In response to Paragraph 6, Defendants admit that Thornhill manages multiple residential properties in Baltimore City but denies that manages several. Defendants admit the remaining allegations of Paragraph 6.

7.      Defendants admit the allegations of Paragraph 7.

8.      Defendants admit the allegations of Paragraph 8.

9.      Defendants admit the allegations of Paragraph 9.

10.      Paragraph 10 states Named Plaintiffs'[1] legal contentions to which no response is necessary.

11.      Paragraph 11 states Named Plaintiffs' legal contentions to which no response is necessary.

12.      Defendants admit the first three sentences of Paragraph 12, deny the fourth. Defendants admit that the fifth sentence accurately quotes § 5-4 of the Baltimore City Code.

13.      Defendants lack sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations of Paragraph 13.

14.      Defendants admit the first sentence of Paragraph 14. Defendants deny the remaining allegations of Paragraph 14.

15.      Defendants admit the allegations of Paragraph 15.

16.      Defendants deny the allegations of Paragraph 16.

17.      Defendants deny the allegations of Paragraph 17.

18.      Defendants lack sufficient knowledge or information to form a belief as to Named Plaintiffs' typical activities. Defendants deny the remaining allegations of Paragraph 18.

19.      Defendants admit that Named Plaintiffs have not always paid their rent in a timely manner. Defendants deny the remaining allegations of Paragraph 19.

20.      Defendants admit that Thornhill emailed Named Plaintiffs and provided Named Plaintiffs with Notices of Intent to File a Complaint for Summary Ejectment. Defendants deny the remaining allegations of Paragraph 20.

21.      Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of Paragraph 21.

---

[1] The capitalized terms herein carry the same meanings as those defined in the Complaint.

22.     Defendants admit that Case Number 2023014200211175 was filed by Hunter Warfield in the District Court of Maryland for Baltimore City. Defendants deny the remaining allegations of Paragraph 22.

23.     Defendants admit that the Property was required to be licensed and that the Complaint so indicated. Defendants deny the remaining allegations of Paragraph 23.

24.     Defendants admit that the FTPR Action was dismissed voluntarily after Named Plaintiffs paid their rent. Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the remaining factual allegations set forth in Paragraph 24.

25.     Paragraph 25 is stated so vaguely that Defendants cannot reasonably respond to its allegations.

26.     Paragraph 26 sets forth Named Plaintiffs' proposed class definitions, to which no response is necessary.

27.     Defendants admit the allegations of Paragraph 27.

28.     Defendants deny the allegations of Paragraph 28.

29.     Defendants deny the allegations of Paragraph 29.

30.     Defendants deny the allegations of Paragraph 30.

31.     Defendants deny the allegations of Paragraph 31.

32.     Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of Paragraph 32.

33.     Defendants deny the allegations of Paragraph 33.

34.     Defendants deny the allegations Paragraph 34.

35.     Defendants deny the allegations Paragraph 35.

36.     Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of Paragraph 36.

37.     Defendants incorporate each of their responses above in response to Paragraph 37.

38.     Defendants deny the allegations contained in the first sentence of Paragraph 38. The second sentence accurately quotes 15 U.S.C. § 1692(e).

39.     Defendants admit that Paragraph 39 accurately quotes 15 U.S.C. § 1692(a). Defendants deny the remaining allegations of Paragraph 39.

40.     Defendants admit that Paragraph 40 accurately quotes a portion of 15 U.S.C. § 1692f.

41.     Defendants admit that Paragraph 41 accurately quotes a portion of 15 U.S.C. § 1692e.

42.     Defendants deny the allegations of Paragraph 42.

43.     Defendants admit that, at times, Hunter Warfield acts as a debt collector. However, Defendants lack knowledge or information sufficient to form a belief as to whether Hunter Warfield acted as a "debt collector" as defined by the FDCPA in this particular matter; therefore, Defendants deny the same. Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations of Paragraph 43.

44.     Defendants deny the allegations of Paragraph 44.

45.     Defendants deny the allegations of Paragraph 45.

46.     Defendants incorporate each of the foregoing responses in response to Paragraph 46.

47.     Paragraphs 47-50 set forth Named Plaintiffs' legal arguments to which no response is necessary. To the extent that those paragraphs are deemed to allege facts, they are denied.

48.     Defendants incorporate each of the foregoing paragraphs in response to Paragraph 51.

49.     Defendants admit that Paragraph 52 contains accurate quotes taken from the referenced statutes. Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations of Paragraph 52.

50.     Paragraph 53 sets forth Named Plaintiffs' legal conclusions to which no response is necessary.

51.     Paragraph 54 sets forth Named Plaintiffs' legal conclusions to which no response is necessary.

52.     Paragraph 55 sets forth Named Plaintiffs' legal conclusions to which no response is necessary.

53.     Defendants admit the allegations of Paragraph 56.

54.     Defendants deny the allegations of Paragraph 57.

55.     Defendants deny the allegations of Paragraph 58.

56.     Defendants deny the allegations of Paragraph 59.

57.     Defendants incorporate each of the foregoing paragraphs in response to Paragraph 60.

58.     Defendants admit that Paragraphs 61 through 63 contain accurate quotes taken from the referenced statute.

59.     Defendants deny the allegations of Paragraph 64.

<u>DEFENSES</u>

60.     At all times provided in the Named Plaintiffs' Complaint, the Property in question was both registered with the City of Baltimore and held a proper inspection certificate.

61.     Having completed and submitted timely the Property license application, Baltimore City having cashed the checks for the payment of the necessary fees, and having received no notice from Baltimore City that the license had been revoked or its renewal denied, Defendants operated under the belief that the license was current.

62.     At all times Defendants collected rent with the belief that the Property was fully licensed.

63.     If and to the extent that it is determined that the Property did not have a license for any period encompassed by the Complaint, Defendants were of the mistaken belief that it was.

64.     Some or all of the Named Plaintiffs' claims are barred pursuant to Governor Hogan's Executive Order dated March 5, 2020, as amended from time to time thereafter, which automatically renewed licenses issued by any state agency or subdivision through 45 days after the end of the State of Emergency.

4874-5975-2115, v. 4

65.      If and to the extent that Defendants are found to have violated the Baltimore City Code, the FDCPA, MDCPA, or MFCPA, its actions were not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such error.

Respectfully submitted,

*Kimberly A. Manuelides /s/*

Kimberly A. Manuelides /s/
D. Md. Bar No. 23726
McNees Wallace Nurick, LLC
600 Washington Avenue, Suite 300
Towson, Maryland 21204
(410) 896-5514
kmanuelides@mcneeslaw.com

Attorneys for Thornhill Properties, Inc., and Mt. Vernon Mill LLC

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that that this 2nd day of April 2024, a copy of the foregoing Answer was served via ECF upon Joseph Mack, Esq. and Ingmar Goldson, Esq., counsel for Named Plaintiffs.

*Kimberly A. Manuelides /s/*

Kimberly A. Manuelides